**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4051**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

NAPOLEON LATAWN ELLERBE,

               Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:13-cr-00113-WO-1)

Submitted: August 28, 2014      Decided: September 2, 2014

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston, Salem, North Carolina, for Appellant. Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Napoleon Latawn Ellerbe pled guilty to interference with commerce by robbery (Count One), in violation of 18 U.S.C. §§ 2, 1951(a) (2012), and carrying and using firearms, by brandishing, during and in relation to a crime of violence (Count Two), 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) (2012). The district court sentenced Ellerbe at the low end of the Guidelines range to 132 months' imprisonment.[*] On appeal, Ellerbe's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning the substantive reasonableness of Ellerbe's sentence. Ellerbe has not filed a pro se supplemental brief, despite notice of his right to do so. We affirm.

We review Ellerbe's sentence for reasonableness, applying a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). When reviewing a sentence for substantive reasonableness, we examine the totality of the circumstances and, if the sentence is within the properly-calculated Guidelines range, apply a presumption on appeal that the sentence is substantively reasonable. United

---

[*] Ellerbe's Guidelines range on Count One was forty-six to fifty-seven months in prison. Count Two carried a statutory mandatory minimum of seven years in prison.

States v. Mendoza–Mendoza, 597 F.3d 212, 216–17 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2012)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

On appeal, Ellerbe's counsel argues that the district court failed to consider nonfrivolous mitigating circumstances and, as a result, Ellerbe's sentence is greater than necessary to accomplish the goals of § 3553(a). We conclude that Ellerbe has failed to overcome the appellate presumption of reasonableness afforded his sentence. In arguing for a downward variance at sentencing, defense counsel pointed to Ellerbe's personal mitigating circumstances and noted that an allegedly similarly situated co-defendant, Gerald Tyler, received a sentence of 113 months in prison. The district court acknowledged Ellerbe's "difficult personal circumstances," but concluded that because it was "a very serious robbery," Ellerbe was "the principal actor in terms of carrying and brandishing a firearm," and Ellerbe committed the instant offense just four months after release from imprisonment, a sentence at the low end of the Guidelines range was appropriate to deter Ellerbe and others similarly situated and to protect the public from further crimes by Ellerbe. With respect to the sentence received by

3

Tyler, the district court did not find the comparison helpful in light of their respective roles, criminal histories, and Tyler's early admission of wrongful conduct. Given the presumption of reasonableness that attaches to a within-Guidelines sentence, we find no abuse of discretion in the district court's decisions not to vary downward and to impose a sentence within the Guidelines range.

In accordance with <u>Anders</u>, we have reviewed the entire record and find no other meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires counsel to inform Ellerbe, in writing, of his right to petition the Supreme Court of the United States for further review. If Ellerbe requests that a petition be filed but counsel believes such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ellerbe. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>AFFIRMED</u>